UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAQUAN TRUESDALE,<br><br>Defendants. | Criminal Action No.: 16-cr-00369 (JXN)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**NEALS**, District Judge:

This matter comes before the Court on Defendant Laquan Truesdale's ("Truesdale" or "Defendant") letter request for early termination of his three- year sentence of supervised release. (ECF No. 34). The United States of America (the "Government") opposed the request (ECF No. 40), and the U.S. Probation Office ("Probation") filed a response of non-opposition (ECF No. 41). The Court has considered the submissions filed in connection with Defendant's request and decides this matter without oral argument pursuant to Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, Defendant's request is **DENIED**.

## I. BACKGROUND

On April 4, 2017, Truesdale plead guilty to a one-count Indictment charging him with Possession of a Firearm by a Convicted Felon, in violation of 18 § U.S.C. 922(g)(1). (ECF Nos. 1, 21). Under the terms of his plea agreement, Truesdale agreed to "waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." (ECF No. 21 at 3).

On September 20, 2017, The Honorable John Michael Vazquez, United States District Judge (ret.), sentenced Truesdale to a term of imprisonment of 70 months, and a term of supervised release of three years. (ECF No. 28).

On July 26, 2022, Truesdale was released from prison and commenced his three years of supervision.

On March 7, 2024, Truesdale filed a request for early termination of supervised release because supervision is interfering with his ability to work. (*See generally* ECF No. 34). On August 7, 2024, Probation submitted a response of non-opposition. (ECF No. 41). On October 1, 2024, the Government opposed, asserting "the 18 U.S.C. § 3553(a) factors and the interests of justice counsel against an early discharge from supervised release for Truesdale." (ECF No. 40 at 2).

## II.    LEGAL STANDARD

The court may terminate a term of supervised released prior to its expiration under 18 U.S.C. § 3583(e). The statute provides that:

> The court may, after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), . . . [,] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). The factors set forth in § 3553(a) are as follows:

(1) the nature and circumstances of the offense and the defendant's history and characteristics (18 U.S.C. § 3553(a)(1));

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(B)-(D));

(3) the kinds of sentence and sentencing range established for the defendant's crimes (18 U.S.C. § 3553(a)(4)(A));

(4) pertinent policy statements issued by the U.S. Sentencing Commission (18 U.S.C. § 3553(a)(5));

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

(6) the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

18 U.S.C. § 3553(a). The court need not make detailed findings as to each of the relevant § 3553(a) factors but must indicate that it has considered them. *See United States v. Melvin*, 978 F.3d 49, 52–53 (3d Cir. 2020). The Third Circuit Court of Appeals has clarified that the general rule is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The *Melvin* Court explained "[t]hat is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id.* However, the Court "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." *Id.* (emphasis added). So "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." *Id.*

### III. DISCUSSION

#### A. Waiver Not Applicable

The Court first considers whether Truesdale has waived his right to seek early termination of his supervised release. *States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013) ("Before reaching the merits, [the Court] must decide whether the appellate waiver before [it] bars [the] appeal."). Neither the Government nor Truesdale addressed the applicability of the appellate waivers contained in his Plea Agreement.

3

An appellate waiver in a plea agreement may bar motions for early termination of supervised release in certain cases. *See United States v. Damon*, 933 F.3d 269, 271-72 (3d Cir. 2019). In *Damon*, the Third Circuit held that the defendant's challenge to the duration of his term of supervised release fell within the scope of his appellate waiver due to the specific language contained in the appellate waiver. *Damon*, 933 F.3d at 275. The plea agreement in *Damon* included the following language:

> [The defendant] knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 33.

*Id.* at 271.

The plea agreement in *Damon* also stated:

> [I]n addition to imposing any other penalty on [the defendant], the sentencing judge . . . pursuant to 21 U.S.C. § 841, must require [the defendant] to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed.

*Id.* at 271.

In *Damon*, the Third Circuit held that a term of supervised release is a part of a sentence, and that "[the defendant's] motion . . . questioning his original sentence by seeking to shorten the term of his supervised release [is] [b]y its very nature . . . a challenge to the sentence imposed." *Id.* at 274. The Court further ruled that because the defendant's sentence fell within or below the agreed upon Guidelines range, the language of his appellate waiver precluded such a challenge. *Id.* at 273, 275. The Third Circuit affirmed the district court's denial of the defendant's motion to terminate his term of supervised release because it found that his motion fell within the scope of the plea agreement's waiver. *Id.* at 270, 273-75.

A district court must enforce an appellate waiver "only if [it] conclude[s] '(1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice.'" *Damon*, 933 F.3d at 272 (quoting *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008)).

District courts in the Third Circuit have distinguished *Damon* on two bases: (1) where a motion for early termination of supervised release is brought by a probation officer or (2) where the language of the appellate waiver is narrower. *United States v. Whitehead*, Cr. No. 10-866, 2023 WL 4686246, at *3 (D.N.J. July 21, 2023) (citation omitted).

Here, the Motion is brought by Defendant, not Probation. As such, the Court must examine the language of Defendant's appellate waiver contained in Defendant's plea agreement. Truesdale's Plea Agreement states that "[the United States Attorney for the District of New Jersey] and Laquan Truesdale waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." (ECF No. 21 at 3). Truesdale's plea agreement also states: "in addition to imposing any other penalty on [Defendant], the sentencing judge . . . pursuant to 18 U.S.C. § 3583, may require [Defendant] to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed." (*Id.* at 2).

Truesdale was sentenced to a term of imprisonment of 70 months, and a term of supervised release of three years, which fell within the Guideline range that results from a total Guideline offense level of 19. (ECF No. 28). He was also sentenced to the minimum term of three years of supervised release. (*Id.*). Thus, as in *Damon*, Defendant's sentence fell within or below the agreed upon Guideline range, and the appellate waiver would apply. Additionally, the language of

5

Defendant's appellate waiver is nearly identical to that of the defendant in Damon, and the two are functionally indistinguishable when determining their scope. "As such, the Court must find that, as in *Damon*, Defendant's appeal of his term of supervised release falls within the scope of his appellate waiver and Defendant's Motion is precluded by the terms of his plea agreement." *Whitehead*, 2023 WL 4686246, at *3; *United States v. Gutierrez Duran*, Cr. No. 22-00332, 2025 WL 1839489, at *3 (E.D. Pa. July 3, 2025) (denying defendant's motion for early termination of probation where plea agreement contained "substantially similar" language to the waiver in *Damon*); *United States v. Jensen*, Cr. No. 19-00619, 2025 WL 885625, at *2 (D.N.J. Mar. 21, 2025) (denying defendant's motion for early termination of supervised release and applying *Damon*); *see also United States v. Sterre*, Cr. No. 15-00441, 2024 WL 1376038, at *3 (D.N.J. April 1, 2024) (denying defendant's motion for early termination of probation where plea agreement contained identical waiver language to the waiver in *Damon*). "[A] contrary conclusion 'would permit an end run around the waiver.'" *Damon*, 933 F.3d at 275 (citation omitted).

Since Defendant's Motion is precluded, the Court need not review the merits under 18 U.S.C. § 3583(e).[1]

## IV. CONCLUSION

For the foregoing reasons, and good cause shown,

**IT IS** on this 16th day of July 2025,

**ORDERED** that Defendant Laquan Truesdale's request for early termination of his supervised release (ECF No. 34) is **DENIED**.

JULIEN XAVIER NEALS
United States District Judge

---

[1] The Court commends Mr. Truesdale for his admirable conduct and hard work during his supervised release period.